## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Colleen Miller                      :
7302 North Heathcliff
Tucson, Arizona 87501       :
       Plaintiff
                              :

    -vs-
                              :

Semco Management, Inc.
A foreign corporation        :
380 South Melrose Drive
Suite 407                   :
Vista, California 92081
                              :

    and
                              :

Dan Ellis
Semco Management, Inc.    :
380 South Melrose Drive
Suite 407                   :
Vista, California 92081
                              :      Civil Action No.

    and
                              :

Tucson Endocrine Associates,
PLLC                       :
6050 North Corona Road Suite 1
Tucson, Arizona 85704       :

    and                       :

David Alster, M.D.          :
Tucson Endocrine Associates,
6050 North Corona Road Suite 1  :
Tucson, Arizona 85704
                              :

    and

Alexander Zwart, M.D.       :
Tucson Endocrine Associates,
6050 North Corona Road Suite 1  :
Tucson, Arizona 85704,
                              :

    Defendants

## COMPLAINT

### I. INTRODUCTION, PARTIES, JURISDICTION AND VENUE

1.     At all times pertinent hereto, Semco Management, Inc. [hereafter "Semco"] was a foreign corporation doing business in the State of Arizona;

2.     At all times pertinent hereto, Defendant Dan Ellis was an officer of Semco and was actively involved in, and directed, the actions which Plaintiff asserts were unlawful;

3.     At all times pertinent hereto, Tucson Endocrine Associates, PLLC [hereafter "TEA"], is a professional limited liability company owned by the Defendants David Alster and Alexander Zwart, doing business in Pima County, Arizona;

3.     At all times pertinent hereto, Defendants Alster and Zwart were actively involved in, and directed, the actions which Plaintiff asserts were unlawful;

4.     This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201-219, to recover for overtime worked but not compensated, and to recover for retaliatory discharge. Plaintiff asserts that the actions and omissions of Defendants, asserted in this Complaint, were willful;

5.     This Court has jurisdiction of this case pursuant to federal question jurisdiction, 28 U.S.C. §1331. This Court also has pendent jurisdiction of the state law claims, which arise out of the same nucleus of operative facts, pursuant to 28 U.S.C. §1367;

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391;

## II. FACTS

6.     On or about June 10, 2011, Plaintiff was hired by Defendants to perform services under the title "Office Manager" at the offices of Defendants TEA, under the supervision of Defendants Alster and Zwart. Her annual compensation was set at $55,000.00 per annum;

9.     Beginning in 2011, Plaintiff regularly worked more than forty (40) hours per week;

10.     From April, 2012 through her termination effective April 30, 2012, Plaintiff worked a total of 973.72 hours of overtime for which she was not compensated at one and one-half time her regular hourly wage;

12.     Defendants TEA, Alster and Zwart also compensated Plaintiff by an annual bonus constituting a percentage of income generated by her work on (1) collections on DEXA; (2) sales of "Take Shape For Life" program, and (3) accounts receivables collections;

13.     For the years 2011 and 2012, Plaintiff received the bonus. She earned the bonus for 2013, but was not paid upon termination;

14.     In early 2013, Plaintiff contacted Semco to question the absence of payment on the basis of time and one-half pay for the overtime hours being worked. She received no response;

15.     Later in 2013, she reached Defendant Ellis, and when she inquired about her eligibility for overtime pay, his response was that she was exempt, because she managed "more than ten people." However, Plaintiff never had supervisory authority over any TEA employees;

16.     On March 21, 2014, Plaintiff contacted Matt Salazar at Semco, and spoke with him about the overtime issue and that she had contacted OPEIU Local 30, of which she was a member;

17.     To Plaintiff's knowledge, Semco was contacted by the Local 30 representative before April 14, 2014. On that date, she was informed by Defendants Alster and Zwart that, as of April 30, 2014, she would no longer have a job. This was confirmed in writing by a Semco letter of the same date;

### III. FIRST CLAIM: VIOLATION OF FLSA: FAILURE TO PAY OVERTIME COMPENSATION

12.     Plaintiff realleges Paragraphs 1 through 11 as if fully set forth herein;

13.     At all times pertinent hereto, all Defendants were employers of Plaintiff as defined under 29 U.S.C. §203(d);

14.     At all times pertinent hereto, Plaintiff was an employee as defined in 29 U.S.C. §203(e)(1);

15.     Plaintiff was due overtime compensation pursuant to 29 U.S.C. §207. No overtime compensation was paid by Defendants;

16.     As a direct and proximate result, Plaintiff has been damaged in the amount of $40,822.54, plus liquidated damages;

### IV. SECOND CLAIM: RETALIATION IN VIOLATION OF THE FLSA

17.     Plaintiff realleges Paragraphs 1 through 16 as if fully set forth herein;

18.    Plaintiff's termination was motivated by her protected activity in questioning Defendants' failure to pay her overtime compensation due under the FLSA;

19.    Plaintiff's termination violated 29 U.S.C. §215(a)(3);

20.    As a direct and proximate result, Plaintiff has been damaged in the loss of income and benefits due her, plus liquidated damages;

## V. THIRD CLAIM: CLAIM AGAINST TEA: BREACH OF CONTRACT

21.    Plaintiff realleges Paragraphs 1 through 20 as if fully set forth herein;

22.    Defendant had contracted with Plaintiff to pay her a bonus in consideration of her work set forth above;

23.    Plaintiff performed as agreed, but Defendant failed to compensate her;

24.    As a direct and proximate result, Plaintiff has been damaged in the amount of ten thousand dollars ($10,000.00);

## VI. FOURTH CLAIM: CLAIM AGAINST TEA; PROMISSORY ESTOPPEL

25.    Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein;

26.    Defendant promised to pay Plaintiff a bonus in consideration of her work set forth above;

27.    Plaintiff, in reliance upon that promise, performed as agreed, but Defendant failed to compensate her;

28.     As a direct and proximate result, Plaintiff has been damaged in the amount of ten thousand dollars ($10,000.00);

## VII. FIFTH CLAIM: CLAIM AGAINST SEMCO: BREACH OF CONTRACT

29.     Plaintiff realleges Paragraphs 1 through 28 as if fully set forth herein;

30.     Plaintiff and Semco contracted that, should she work more than seven (7) consecutive days, she would be compensated at a rate of two and one-half (2 ½) times regular income. See, Exhibit A appended hereto;

31.     Plaintiff, between April, 2012 and April 30, 2014, Plaintiff worked 973.72 hours under the agreement, but was paid only her regular wage;

32.     Defendant breached the agreement with Plaintiff, and she has been damaged in the amount of $66,038.42;

## VIII. SIXTH CLAIM: CLAIM AGAINST TEA: PROMISSORY ESTOPPEL

33.     Plaintiff realleges Paragraphs 1 through 32 as if fully set forth herein;

34.     Plaintiff was presented by Semco, when she commenced employment, with an "EMPLOYEE HANDBOOK" which contained a provision that, should she work more than seven (7) consecutive days, she would be compensated at a rate of two and one-half (2 ½) times regular income. See, Exhibit A appended hereto;

35.     Plaintiff, between April, 2012 and April 30, 2014, Plaintiff worked 973.72 hours under the agreement, but was paid only her regular wage;

36.     Plaintiff worked the hours in reliance upon the promise made by Defendant regarding pay due her;

37.     Defendant failed to pay the increased income;

38.     Plaintiff  has been damaged in the amount of $66,038.42;

WHEREFORE, Plaintiff demands judgment of Defendants as follows:

1.      Under the First Claim, an award against Defendants, jointly and severally, of unpaid overtime wages from June, 2011 through April, 2014, plus liquidated damages pursuant to 29 U.S.C. §216(b);

2.      Under the Second Claim, an award against Defendants, jointly and severally, of back pay and front pay in such amount the Court deems just, plus liquidated damages pursuant to 29 U.S.C. §216(b);

3.      Under the Third and Fourth Claims, an award against Defendant TEA in such amount as the Court deems just;

4.      Under the Fifth and Sixth Claims, an award against Defendant Semco in such amount as the Court deems just;

5.      An award of attorney fees and costs of this action, pursuant to 29 U.S.C. §216(b); and, as to the Third through Sixth Claims, under A.R.S. §12-341.01(A);

6.      An award of interest on the amounts due, at the highest legal rate, from the time each payment was due until the date of judgment;

7.     Such other relief as the Court deems just.

/s/ Michael Garth Moore
Michael Garth Moore (023742)
9040 North Placita Verde
Tucson, Arizona 85704
Telephone: 888-318-0075
mike@mgmoorelaw.com

Trial Counsel for Plaintiff